UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LADELL NATION HAMILTON,

    Plaintiff,

v.

BRIAN ENGLISH, M. MEYERS, and
MIAMI CORRECTIONAL FACILITY,

    Defendants.

CAUSE NO. 3:23-CV-1-DRL-MGG

OPINION AND ORDER

    Ladell Nation Hamilton, a prisoner without a lawyer, filed a complaint alleging he was held in an observation cell from December 11 to December 20, 2022. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

    Mr. Hamilton alleges he was segregated in an observation cell. Merely being in segregation does not state a claim because "an inmate's liberty interest in avoiding segregation is limited." *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). Even "six months of segregation is not such an extreme term and, standing alone, would not trigger

due process rights." *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 698 (7th Cir. 2009) (quotation marks omitted).

Mr. Hamilton alleges he was observed by male and female officers while he used the toilet, bathed, dressed, and undressed. Merely being seen naked, even by members of the opposite sex, does not state a claim.

> Guards take control of where and how prisoners live; they do not retain any right of seclusion or secrecy against their captors, who are entitled to watch and regulate every detail of daily life. After *Wolfish* and *Hudson*, monitoring of naked prisoners is not only permissible . . . but also sometimes mandatory.
> . . .
> Surveillance of prisoners is essential, as *Wolfish* establishes. Observation of cells, showers, and toilets is less intrusive than the body-cavity inspections *Wolfish* held permissible. Guards do the surveillance. Male guards and female guards too . . ..
> . . .
> [F]emale guards . . . see male prisoners in states of undress. Frequently. Deliberately. Otherwise they are not doing their jobs.

*Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995).

Mr. Hamilton alleges he was placed in the observation cell to retaliate against him for a conduct violation. "To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quotation marks omitted). Conduct violations are not protected First Amendment activity.

Mr. Hamilton alleges being in an observation cell was sexual harassment. In *Dobbey v. Illinois Department of Corrections*, 574 F.3d 443 (7th Cir. 2009), the court explained

harassment must be extreme to violate the Eighth Amendment. In that case, a black prisoner alleged a correctional officer harassed him by placing a noose where he could see it and "crossed his arms looking crazy with evil eyes." *Id.* at 444. The court explained:

> Any harassment of a prisoner increases his punishment in a practical sense, if we equate punishment to the infliction of disutility (and why not?). But harassment, while regrettable, is not what comes to mind when one thinks of "cruel and unusual" punishment. Nor does it inflict injury comparable in gravity to failing to provide a prisoner with adequate medical care or with reasonable protection against the violence of other prisoners. The line between "mere" harassment and "cruel and unusual punishment" is fuzzy, but we think the incident with the noose and the "evil eyes" falls on the harassment side of the line because it was not a credible threat to kill, or to inflict any other physical injury. The case falls well short of *Burton v. Livingston*, 791 F.2d 97, 100-01 (8th Cir.1986), where a prisoner alleged that a guard pointed a gun at him, cocked it, called him "nigger," and repeatedly threatened to shoot him, or *Irving v. Dormire, supra*, 519 F.3d at 449-50, where a prisoner alleged that a guard had threatened to kill him, repeatedly offered a bounty to any prisoner who would assault him, and gave a prisoner a razor blade with which to assault him. See also *Northington v. Jackson, supra*, 973 F.2d at 1524.

*Id.* at 446. The allegation that he was in an observation cell where he was intermittently seen undressed is not the type of extreme harassment which states a claim for an Eighth Amendment violation.

This complaint does not state a claim for which relief can be granted. Though it is understandable why Mr. Hamilton would feel uncomfortable being observed over the course of ten days, these alleged events did not violate his rights under the First or Eighth Amendments. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v.*

3

*Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

January 10, 2023

*s/ Damon R. Leichty*
Judge, United States District Court